IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JESSE JAMES,

    Plaintiff,

vs.

HUGH SMITH, Warden; Lt. JOHN
BOYETT; Office TRACY SIMMONS;
Officer PARKER; Officer MICHAEL
McGINNIS; Officer MADISON, and
Officer WILLIAM AUSTIN,

    Defendants.

CIVIL ACTION NO.: CV605-038

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated in Georgia State Prison ("GSP") in Reidsville, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. Defendants filed a Motion for Summary Judgment. Plaintiff filed a Motion for Summary Judgment in response. For the following reasons, Defendants' Motion for Summary Judgment should be **DENIED**. Plaintiff's Motion for Summary Judgment should be also be **DENIED**.

## STATEMENT OF THE CASE

Plaintiff alleges that on June 1, 2004, Lt. John Boyett and Officers Tracy Simmons, Parker, Michael McGinnis, Madison, and William Austin[1] subjected him to severe assaults that caused him substantial injury. Plaintiff alleges that Defendants Boyett, Simmons, Parker, McGinnis, Madison, and Austin gassed him with chemical agents, and that

---

[1] "Defendant Tracy Simmons" is Officer Trace Simmons (Defs.' Ex. G), "Defendant Parker" is Officer Jeneil Parker (Defs.' Ex. F), and "Defendant Madison" is Officer Robert Madison (Defs.' Ex. D). However, the Court will refer to these individuals as they appear on the Court's docket.

AO 72A
(Rev. 8/82)

Defendants Simmons, Parker, McGinnis, Madison, and Austin used an electric shield upon him and kicked, punched, and beat him. Plaintiff contends that Defendant Boyett witnessed him being assaulted and failed to intervene. Plaintiff contends that it is the custom of prison officials at Georgia State Prison to severely assault inmates on a regular basis. Plaintiff avers that Defendant Hugh Smith and Defendant Boyett were aware of the widespread physical abuse, and that their failure to remedy this problem amounts to "tacit authorization."

Defendants assert that Plaintiff refused the orders of prison officials during the attempt of a routine shakedown for contraband and weapons and that the amount of force used was reasonably necessary to subdue Plaintiff. Defendants Boyett and Smith contend that they were not aware of any routine practice or custom among prison officials at Georgia State Prison to use excessive force upon inmates. Additionally, all Defendants assert that they are entitled to qualified immunity.[2]

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a

---

[2] Defendants also assert that they are protected from suit in their official capacities based on Eleventh Amendment sovereign immunity. Plaintiff asserts that his claims are against Defendants in their individual capacities only, and that fact was indeed stated in his Complaint. Therefore, it is not necessary to discuss this point because it is clear that Plaintiff has no claims against Defendants in their official capacities.

2

rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F.3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION OF AUTHORITY

Defendants move for summary judgment based on two grounds. They assert that Plaintiff cannot show that the amount of force used was excessive or that Defendants Smith or Boyett were aware of a routine practice of the use of excessive force at GSP. Defendants also allege that, even if this Court were to determine that Plaintiff's rights were

violated, qualified immunity protects them from liability. Plaintiff moves for summary judgment, refuting Defendants' allegations and incorporating all documents and factual allegations against Defendants that he has made throughout the course of this litigation.

## I.   Excessive Force

The Eighth Amendment's prohibition against the use of cruel and unusual punishment governs the amount of force that a prison official is entitled to use. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). An excessive force claim has two requisite parts: an objective and a subjective component. Sims v. Mashburn, 25 F.3d 980, 983 (11th Cir. 1994). In order to satisfy the objective component, the inmate must show that the prison official's conduct was "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994). The subjective component requires a showing that the force used was applied "maliciously and sadistically for the very purpose of causing harm" rather than in a good-faith effort to maintain or restore discipline. Whitley v. Albers, 475 U.S. 312, 320-21, 106 S. Ct. 1078, 1085, 89 L. Ed. 2d 251 (1986). In order to determine whether the force was used for the malicious and sadistic purpose of causing harm or whether the force was applied in good faith, the following factors are relevant: the need for the exercise of force, the relationship between the need for force and the force applied, and the extent of injury that the inmate suffered. Id. at 321, 106 S. Ct. at 1085.

Defendants assert that Plaintiff refused to comply with orders regarding shake-down procedures. (Doc. No. 25, p. 9). Defendants contend that while they did use force against Plaintiff, such action was necessary to maintain and restore discipline within the prison. (Doc. No. 25, p. 9). Defendants allege that Plaintiff only having a bruise to his left eye and

a laceration to the top of his head proves that the amount of force used against Plaintiff was reasonable. (Doc. No. 25, p. 8-9).

Plaintiff alleges that the force used against him by Defendants Boyett, Simmons, Parker, McGinnis, Madison, and Austin was unnecessary and excessive. Plaintiff avers that said Defendants gassed him with a chemical agent in violation of Standard Operating Procedure IIB08-0001. (Doc. No. 28, p. 5-6; Doc. No. 30, p. 15). Plaintiff also avers that Defendant Parker used an electric shield upon him twice in violation of Standard Operating Procedure IIB08-0001. (Doc. No. 28, p. 6; Doc. No. 30, p. 14-15). Plaintiff further contends that Defendants Simmons, McGinnis, Parker, Austin, and Madison subjected him to severe assaults causing substantial physical injuries that required immediate medical attention. (Doc. No. 28, p. 6).

Plaintiff contends that the force used against him by Defendants Boyett, Simmons, Parker, McGinnis, Madison, and Austin was unnecessary and excessive, whereas these Defendants contend that the force used was reasonable and was used in an effort to maintain inmate discipline. The Court must view the parties' interpretations of this event in the light most favorable to Plaintiff, the non-moving party. Accordingly, a genuine issue of material fact exists as to whether the use of force on Plaintiff was reasonable or excessive. The factual dispute presented by the affidavits both parties have submitted to the Court is sufficient to deny Plaintiff's Motion for Summary Judgment on this issue. Likewise, this factual dispute is sufficient to deny Defendants' Motion on this issue as well.

## II.    Supervisory Liability

In section 1983 actions, it is well established in the Eleventh Circuit that liability must be based on something more than a theory of respondeat superior. <u>Braddy v. Fla. Dep't</u>

of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only where there is personal participation in the alleged constitutional violation or where there is a causal connection between the supervisor's conduct and the alleged constitutional violations. Id. at 802. "A causal connection may be established when: 1) a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fails to do so; 2) a supervisor's custom or policy results in deliberate indifference to constitutional rights; or 3) facts support an inference that the supervisor directed subordinates to act unlawfully and failed to stop them from doing so." Valdes v. Crosby, 450 F.3d 1231, 1237 (11th Cir. 2006) (quoting Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003)).

Defendants Smith and Boyett assert that they were not aware of any widespread physical abuse in the prison and that the Plaintiff cannot offer evidence proving otherwise. Defendants Smith and Boyett submitted affidavits in support of their assertion that they were not aware of any routine use of excessive force. (Doc. No. 26, Ex. A; Doc. No. 26, Ex. B). Plaintiff has likewise submitted his opposing affidavit contending that Defendants Smith and Boyett did have knowledge of widespread use of excessive force at Georgia State Prison and did fail to take action. (Doc. No. 30, p. 2). Plaintiff also has submitted the sworn statements and/or affidavits of Charles Duffy, Susa Nassa, David Harris, Demetrius White, and Brandon Stinson, all prisoners at Georgia State Prison, in which the affiants assert that they have all witnessed other instances of excessive force being used upon inmates (Doc. No. 30, p. 3-9).

6

The conflicting documents submitted by the parties are enough to create a genuine issue of material fact as to whether a causal connection exists between the actions or inactions of Smith and Boyett and the alleged excessive use of force incidents that Plaintiff contends he was subjected to at the hands of prison officials. Accordingly, neither Plaintiff nor Defendants Smith and Boyett are entitled to summary judgment on this issue.

### III. Qualified Immunity

Defendants contend that Plaintiff cannot show that they had "fair warning" that the specific actions alleged by Plaintiff were unconstitutional. Defendants assert that, as a result, they are entitled to the defense of qualified immunity.

The law governing whether a government official is entitled to qualified immunity is well-established in the Eleventh Circuit. Qualified immunity protects governmental officials performing discretionary functions from suit in their individual capacities, so long as their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Gonzalez v. Reno, 325 F.3d 1228, 1232 (11th Cir. 2003) (quoting Hope v. Pelzer, 536 U.S. 730, 739, 122 S. Ct. 2508, 2515, 153 L. Ed. 2d 666 (2002)). A government official must first prove that he was acting within his discretionary authority. Id. at 1233; Ray v. Foltz, 370 F.3d 1079, 1081-82 (11th Cir. 2004). "A government official acts within his or her discretionary authority if objective circumstances compel the conclusion that challenged actions occurred in the performance of the official's duties and within the scope of this authority." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1185 n. 17 (11th Cir. 1994). Once the government official has shown that he was acting within his discretionary authority, the burden shifts to the Plaintiff to show that the Defendant is not entitled to qualified immunity. The Supreme Court has

established a two-part test to determine the applicability of qualified immunity.  First, the court must determine whether plaintiff's allegations, taken as true, establish a constitutional violation.  Hope, 536 U.S. at 736, 122 S. Ct. at 2513.  If, under the plaintiff's allegations, the defendants would have violated a constitutional right, the next step is to ask whether the right was one that was clearly established under the law.  Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156, 150 L. Ed. 2d 272 (2001); Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1264 (11th Cir. 2004).

At the time of this incident, it was clearly established law that an inmate was not to be subjected to an excessive use of force.  Therefore, Defendants are not entitled to summary judgment based on qualified immunity.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Motion for Summary Judgment be **DENIED**.  It is also my **RECOMMENDATION** that Defendants' Motion for Summary Judgment be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 23 day of August, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)