FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 SEP 21  AM 11: 17

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JESSE JAMES,

     Plaintiff,

vs.

HUGH SMITH, Warden; Lt. JOHN BOYETT; Office TRACY SIMMONS; Officer PARKER; Officer MICHAEL McGINNIS; Officer MADISON, and Officer WILLIAM AUSTIN,

     Defendants.

CIVIL ACTION NO.: CV605-038

## ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In their Objections, Defendants contend that Plaintiff's injuries resulting from the June 1, 2004 incident at Georgia State Prison were minor and are therefore insufficient to sustain an excessive use of force claim. Defendants allege that the Magistrate Judge failed to give adequate consideration to the Hudson[1] factors in recommending denial of their Motion for Summary Judgment. Defendants Smith and Boyd assert that they cannot be held liable based upon a supervisory liability theory. Finally, Defendants contend that they are entitled to qualified immunity.

---

[1] Hudson v. McMillian, 503 U.S. 1, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992).

AO 72A
(Rev. 8/82)

Contrary to Defendants' assertions, the Magistrate Judge did consider the allegations of both parties as to the extent of Plaintiff's injuries and how those injuries bear on the dual prongs of an excessive force analysis. Furthermore, the Magistrate Judge noted Defendants' several allegations regarding Plaintiff's behavior prior to the application of force and did consider these allegations, along with those of Plaintiff on the same issue, in concluding that genuine issues of material fact exist. In their contentions regarding the subjective element of the use of force claim, Movants appear to assert that because of Plaintiff's conduct on the day in question, prison officials were justified in using the amount of force that they did. However, regardless of whether "undisputed facts regarding the Plaintiff's unruly and combative behavior prior to the use of force" exist (Doc. No. 46, p. 5), the issue of whether the amount of force used against Plaintiff was reasonable or whether it was excessive in light of the circumstances is a *question of fact* for a jury's consideration.

Defendants' objections regarding supervisory liability are without merit. It is clear that liability in section 1983 actions must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). In this case, however, both parties submitted evidence sufficient to create a genuine issue of material fact as to whether Defendants Smith and Boyett were aware of a routine use of excessive force so as to establish a causal connection between their conduct and the alleged constitutional violation.

Finally, Defendants are not entitled to summary judgment based upon qualified immunity. At the time of this incident, it was clearly established that under the Eighth Amendment's proscription against cruel and unusual punishment, inmates were not to be subjected to excessive applications of force. See Farmer v. Brennan, 511 U.S. 825, 832,

AO 72A
(Rev. 8/82)

114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994). As previously discussed, whether Defendants' use of force was excessive in light of Plaintiff's behavior is an issue that should be determined by the trier of fact.

Defendants' objections are without merit. The Report and Recommendation of the Magistrate Judge is adopted as the opinion of this Court. Defendants' and Plaintiff's Motions for Summary Judgment are **DENIED**.

**SO ORDERED**, this 21 day of Sept., 2006.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)